Opinion issued on May 30, 2002












In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00065-CR

 01-01-00066-CR

____________


WILLIAM DUCKSWORTH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause Nos. 853106 and 853105






O P I N I O N

 Appellant, William Ducksworth, in two indictments was accused of
burglary of a habitation with intent to commit theft and unauthorized use of a motor
vehicle, each enhanced to habitual status. He chose the jury to determine guilt and
assess punishment. The jury assessed 75 years confinement in the burglary case and
20 years confinement in the unauthorized use of a motor vehicle case.

 Appellant's counsel has filed a brief stating that, after a thorough and
complete analysis of the record, in his opinion the appeals are without merit. 
Although counsel's review of the record did not uncover any arguable points of
reversible error, he did brief a number of potential points for review. The brief meets
the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967), by presenting a professional evaluation of the record and stating why there
are no arguable grounds of error on appeal. Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969).

 Counsel advised appellant of his evaluation of this appeal and informed
him of his right to file his own pro se brief. Subsequently and timely, appellant filed
a pro se brief.

 In his first pro se point of error, appellant accuses his appellate attorney
of being deficient for not challenging the effectiveness of his trial counsel's
assistance. Appellant argues that his appellate counsel should have briefed a point
of error claiming that his trial counsel was ineffective for failing to: (1) file pretrial
motions; (2) request a continuance to investigate the validity of an unsigned letter in
which an unknown person exonerates appellant of all guilt; and (3) request an
examining trial.

 It is interesting to note that appellant criticizes his appellate counsel for
failing to raise these claims on appeal when he, serving as his own appellate counsel,
does not raise them himself. Under the circumstances, it would be difficult for
appellant to show harm. Nevertheless, because of the unusual nature of this hybrid
appeal, we will address the issues.

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Under Strickland, appellant must first show that his counsel's
performance was so deficient that it fell below an objective standard of
reasonableness. Id., 466 U.S. at 687. Second, appellant must affirmatively prove that
he was prejudiced by his counsel's conduct. In other words, but for counsel's
unprofessional conduct, the result of the proceeding would have been different. 
Likewise, appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 The assessment of whether appellant can satisfy the requirements of
Strickland is a fact-intensive inquiry. Thus, without a record that develops and
explains his counsel's reasoning for his actions, the pursuit of an ineffectiveness
claim on direct appeal is often fruitless. Robinson v. State, 16 S.W.3d 808, 811 (Tex.
Crim. App. 2000). Here there is no such record.

 Because there is no record, it will be impossible to assess trial counsel's
performance in the claimed areas. In considering appellant's claim that his trial
counsel failed to file pretrial motions, we have no way of knowing what pretrial
motions appellant is referencing and what significance such would have had on the
outcome of the trial.

 Regarding the motion for continuance to allow for time to investigate the
origin of the alleged exculpatory letter, without a record, we know nothing about the
letter, except that trial counsel received it moments before trial began. We do not
know how trial counsel perceived the letter or how it would fit into his representation
strategy.

 Concerning trial counsel's failure to request an examining trial, appellant
claims it would be a good discovery tool. Examining trials traditionally are not
discovery venues, but are simple hearings to determine whether or not probable cause
exists to bind a case over to the grand jury. Appellant does not inform us what he
anticipated could be discovered from such a hearing.

 In all likelihood, appellate counsel realized that these three areas could not
be addressed without a fully developed record. Appellant's pro se point of error one
is overruled.

 In his second pro se point of error, appellant claims his trial counsel was
ineffective for failing to investigate the lawfulness of the traffic stop that resulted in
discovery of the stolen vehicle and property therein. Appellant suggests the traffic
stop may have been motivated by racial profiling.

 Again, without a record we cannot assess trial counsel's performance from
what he knew or should have known and how it affected his strategy during trial. Pro
se point of error two is overruled.

 In his third pro se point of error, appellant contends his constitutional
rights were violated because the grand jury and petit jury did not represent a fair
cross-section of the Harris County community. Apparently, appellant believes that
some class of minority was underrepresented on his grand jury.

 This complaint is waived because it was never presented to the trial court
for a ruling. For such a complaint to be viable for appellate review, a defendant must
make a timely and specific objection in the trial court. Tex. R. App. P. 33.1(a)(1)(A). 
Having failed to bring this to the attention of the trial court, appellant presents
nothing for review. Appellant's third pro se point of error is overruled.

 In addition to addressing appellant's pro se points of error, we further
discharge our responsibility of researching the record for reversible error as a result
of appellate counsel filing a brief alleging frivolous appeals. We have carefully read
and reviewed the entire record in this matter, and we concur with appellate counsel's
assessment that there are no arguable grounds of error that could be presented on
appeal.

 We affirm the judgments.

 Appellate counsel filed a motion to withdraw from any further
representation in this matter. The motion is granted. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Counsel still has
a duty to inform appellant of the result of these appeals and also to inform appellant
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

 All other pending motions are denied.

PER CURIAM


Panel consists of Chief Justice Schneider, and Justices Hedges and Nuchia.

Do not publish. Tex. R. App. P. 47.